IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEBORAH CHRISTENSEN, | § § § | |
| Plaintiff | § § | |
| vs. | § § | NO. 3:17-CV-03183-M |
| GAINES INVESTMENT TRUST, AMERICA'S BACK OFFICE, INC. - U.S., JEFFREY GAINES, AND CARMEN SUGGS, | § § § § § | |
| Defendants. | § | |

### DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants Gaines Investment Trust, Jeffrey Gaines, and Carmen Suggs (hereinafter "Defendants") file this Answer to Plaintiff's First Amended Complaint (the "Amended Complaint") as follows, and deny each and every allegation not specifically admitted herein. Answers to each paragraph of the Amended Complaint are made without waiving, but expressly reserving, all rights that Defendants may have to seek relief by appropriate motions directed to the allegations of the Amended Complaint. Pursuant to the requisites of the Federal Rules of Civil Procedure, Defendants respond to the numbered paragraphs in the Complaint as follows:

### I.   INTRODUCTION

1. Defendants admit Plaintiff Deborah Christensen ("Plaintiff") has brought this action against Defendants. Defendants deny the remaining allegations contained in Paragraph 1 of the Amended Complaint.

2. Defendants respond that the allegations of Paragraph 2 of the Amended Complaint do not allege any act or omission by Defendants and call for a non-factual legal conclusion and therefore do not require a response. To the extent that a response is required,

Defendants lack knowledge or information sufficient to form a belief about the truth of said allegation, which statement has the effect of a denial of all allegations contained in Paragraph 2 of the Amended Complaint.

3. Defendants deny the allegations contained in Paragraph 3 of the Amended Complaint.

## II.   THE PARTIES

4. Defendants admit that Plaintiff is an individual; however, Defendants are without sufficient information to admit or deny whether Plaintiff is a citizen of Texas as alleged in Paragraph 4 of Plaintiff's Amended Complaint.

5. Defendants admit the allegations contained in Paragraph 5 of the Amended Complaint.

6. Defendants admit the allegations contained in Paragraph 6 of the Amended Complaint.

7. Defendants admit the allegations contained in Paragraph 7 of the Amended Complaint.

8. Defendants admit the allegations contained in Paragraph 8 of the Amended Complaint.

## III.   JURISDICTION AND VENUE

9. Defendants admit this Court has jurisdiction as alleged in Paragraph 9 of the Amended Complaint

10. Defendants admit that venue is proper in this district, but deny the remainder of the allegations contained in Paragraph 10 of the Amended Complaint.

## IV.  FACTUAL BACKGROUND

11. Defendants admit that Plaintiff was an employee of Defendant Gaines Investment Trust for approximately four years and held the position Senior Regional Manager, overseeing eight of Defendant Gaines Investment Trust's properties located in Dallas, Texas, Las Vegas, Nevada, and Tulsa, Oklahoma.  Defendants further admit that Plaintiff worked for Defendant Gaines Investment Trust full-time as a salaried employee.  Defendants deny that Mr. Gaines was involved in decisions to terminate employees based upon their medical or pregnancy conditions. Defendants are without sufficient information to admit or deny the remainder of the allegations set forth in Paragraph 11 of the Amended Complaint; therefore, they are denied.

12. Defendants admit that Plaintiff was given a promotion in or around March 2015. Defendants deny that Plaintiff advised Ms. Suggs that the recovery period would last 6-8 weeks, with limited mobility that would require assistance or accommodation for normal daily activities. Defendants are without sufficient information to admit or deny the remainder of the allegations set forth in Paragraph 12 of the Amended Complaint; therefore, they are denied.

13. Defendants deny the allegations contained in Paragraph 13 of Plaintiff's Amended Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of Plaintiff's Amended Complaint.

15. Defendants are without sufficient information to admit or deny the allegation that Plaintiff was taking prescription pain medication up to eight times a day in order to manage the pain in her shoulder; therefore, it is denied. Defendants deny the remainder of the allegations contained in Paragraph 15 of Plaintiff's Amended Complaint

16. Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 16 of the Amended Complaint; therefore, they are denied.

17. Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Amended Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of Plaintiff's Amended Complaint.

19. Defendants admit that Defendant Gaines Investment Trust offered Plaintiff the position of Property Manager on or around April 18, 2016. The content of Plaintiff's 2015 annual performance review speaks for itself, but Defendants deny that the document was the last time Plaintiff received any feedback concerning her performance. Defendants deny the remainder of the allegations contained in Paragraph 19 of the Complaint.

20. Defendants admit that the Property Manager position entailed a decrease in pay. Defendants are without sufficient information to admit or deny the remainder of the allegations set forth in Paragraph 20 of the Amended Complaint; therefore, they are denied.

21. Defendants admit that on or around April 19, 2016, Mr. Gaines sent Plaintiff an email and the text of that email speaks for itself. Defendants deny the remainder of the allegations contained in Paragraph 21 of Plaintiff's Amended Complaint.

22. Defendants admit that Defendant Gaines Investment Trust terminated Plaintiff's employment on April 20, 2016 as a result of her refusal to accept an offered position change. Defendants further admit that Todd Keller sent a termination letter to Plaintiff. The text of that letter speaks for itself. Defendants deny the remainder of the allegations contained in Paragraph 22 of Plaintiff's Amended Complaint.

23. Defendants admit that the Department of Labor investigated Plaintiff's complaints, alleged in Paragraph 22 of Plaintiff's Amended Complaint, but deny the remainder of the allegations as phrased.

24. Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Amended Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Amended Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Amended Complaint.

27. Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Amended Complaint.

## VI.   FIRST CLAIM FOR RELIEF

**(Compensatory Damages Under the FMLA)**
**29 U.S.C § 2617(a)**

28. Defendants incorporate their answers to the foregoing paragraphs as if fully set forth herein.

29. Defendants admit that Defendant Gaines Investment Trust qualifies as an employer as that term is defined in the FMLA, U.S.C. §2611(4). Defendants further admit Plaintiff qualifies as an employee as that term is defined in the FMLA, U.S.C. §2611(2). Defendants deny the remainder of the allegations contained in Paragraph 29 of Plaintiff's Amended Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Amended Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of Plaintiff's Amended Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of Plaintiff's Amended Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of Plaintiff's Amended Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of Plaintiff's Amended Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Amended Complaint.

## VII.   SECOND CLAIM FOR RELIEF

**(Declaratory Relief for Compensatory Damages Under the FMLA)**
**29 U.S.C § 2617(a)**

36. Defendants incorporate their answers to the foregoing paragraphs as if fully set forth herein.

37. Defendants deny the allegations contained in Paragraph 37 of Plaintiff's Amended Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of Plaintiff's Amended Complaint.

## VIII.   THIRD CLAIM FOR RELIEF

**(Compensatory Damages Under the FLSA)**
**29 U.S.C § 216(a)**

39. Defendants deny the allegations contained in Paragraph 39 of Plaintiff's Amended Complaint.

## IX.   PRAYER FOR RELIEF

Defendants are not required to affirm or deny Plaintiff's "Prayer for Relief" ("Prayer"), but affirmatively state there are no grounds in fact or law that warrant the granting of any of the relief sought by Plaintiff.  Accordingly, Defendants deny that Plaintiff is entitled to any of the relief requested, or any relief at all, and to the extent the Prayer contains any factual allegations, Defendants deny the allegations contained therein.

## STATEMENT OF AFFIRMATIVE AND OTHER DEFENSES

Without admitting any of the allegations asserted in the Complaint, Defendants assert the following affirmative and other defenses.  Nothing stated in any of the following defenses constitutes a concession that Defendants bear any burden of proof on any issue that they would not otherwise bear such burden.  Defendants further reserve the right to assert other affirmative and additional defenses and/or otherwise to supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

1.   Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2.   All of Defendants' actions regarding Plaintiff were taken in good faith and for legitimate, non-discriminatory, non-retaliatory business reasons.

3.   Plaintiff was employed at-will and was subject to termination of employment for any legitimate reason, or for no reason at all.

4.   Defendants would have taken the same action in the absence of any alleged impermissible factor.

5.   Upon information and belief, Plaintiff has failed to reasonably attempt to mitigate her damages, if any.

6. Defendants are entitled to a credit or offset against any award of lost earnings to Plaintiff based on income Plaintiff has or reasonably could have received following the separation of her employment.

7. Defendants have made good faith efforts to prevent discrimination and retaliation in the workplace and cannot be held liable for the decisions of agents, if any, or for exemplary damages, to the extent the challenged employment decision was contrary to Defendants' good faith efforts to comply with anti-discrimination statutes.

8. Defendants' alleged conduct as it related to the terms and conditions of Plaintiff's employment was not in willful disregard of the law.

9. Plaintiff's claims for damages are subject to all applicable limitations on such damages.

10. Plaintiff was properly paid for all hours worked in accordance with all state and federal laws.

11. Plaintiff was an exempt employee during all relevant times and therefore not eligible for overtime pay under any state or federal law.

12. Defendants at all times acted in good faith to comply with the FLSA and FMLA and with reasonable grounds to believe that Defendants' actions did not violate the statutes cited in the First Amended Complaint, and Defendants assert a lack of willfulness or intent to violate the FLSA and FMLA as a defense to any claim by Plaintiff for liquidated damages.

In addition to the foregoing defenses, Defendants reserve the right to amend their Answer to raise any and all other additional affirmative and other defenses that may become evident during discovery and during any other proceeding in this action or pursue any available counterclaims against Plaintiff as those claims become known during this litigation.

WHEREFORE, Defendants respectfully request judgment against Plaintiff with respect to her claims asserted herein, dismissing the Complaint in this action, and entering judgment in favor of Defendants, together with costs and disbursements of the above-entitled action and any other relief this Court may deem just and proper.

Dated January 26, 2018                    Respectfully submitted,

/s/ *Jeremy W. Hawpe*
Jeremy W. Hawpe
Texas State Bar No. 24046041
Kathryn B. Blakey
Texas State Bar No. 12701

LITTLER MENDELSON, P.C.
A Professional Corporation
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201.2931
214.880.8100
214.880.0181 (Fax)
jhawpe@littler.com

ATTORNEYS FOR DEFENDANTS
Gaines Investment Trust, Jeffrey Gaines, and Carmen Suggs

## **CERTIFICATE OF SERVICE**

On January 26, 2018, I electronically submitted the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

    Court D. Smith
    PLUNK SMITH, PLLC
    1701 Legacy Drive, Suite 2000
    Frisco, Texas 75034
    csmith@plunksmith.com

                                      */s/ Jeremy W. Hawpe*
                                      Jeremy W. Hawpe

Firmwide:152350990.1 092325.1003